SO ORDERED: September 23, 2008.

_____
**James K. Coachys
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WENDY MARIE STEWART, | ) | Case No. 08-6652-JKC-7A |
| | ) | |
| Debtor. | ) | |

**ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS**

This matter comes before the Court on the Trustee's Objection to Debtor's Exemption Claims (the "Objection"). The Court conducted a hearing on August 19, 2008, and took the matter under advisement. The Court then issued an Order Directing Parties to Submit Points of Authority, to which both parties responded.[1] Having considered the parties' respective arguments, evidence and submissions, the Court sustains the Trustee's Objection.

Debtor filed a Chapter 7 petition on June 6, 2008. Just one day prior to filing, Debtor's

---

[1] The Debtor complied with the Court's Order by filing what amounted to a brief with citations to case law and other "points of authority." In his response, the Trustee indicated that he did "not understand" the Court's Order and suggested "that his position was explained fully" in his Objection. By "points of authority," the Court merely intended for the parties to provide case law and/or statutory citations for their respective positions. In the future, the Trustee is instructed either to ask for further guidance when he does not understand the court's instructions or to formally request that he been excused from complying with an order if he genuinely believes that dispensation from it is warranted.

divorce became final. Per the Decree of Dissolution and Settlement Agreement (the "Settlement Agreement"), Debtor's former husband was ordered to pay her, within thirty days of the divorce, the sum of $12,500.00 "in full satisfaction of Wife's equity interest in the entire marital estate" (the "Funds").

Debtor did not disclose this asset in her bankruptcy schedules or Statement of Financial Affairs, although she did indicate the pendency of the divorce action, as well as her interest in the marital residence. The Trustee learned of the Funds only after Debtor's ex-husband contacted him. The Trustee took possession of the Funds and now holds them in the estate's bank account. Thereafter, Debtor filed an amended Schedule C to exempt $6,325.00 of the Funds, to which the Trustee objected.

## Discussion and Decision

Debtor argues that the Funds can be traced to her share of the equity in what was once her marital residence and that a portion of the Funds is, therefore, exempt pursuant to Indiana Code § 34-55-10-2(c)(2) as "other real estate." The Court disagrees.

Indiana Code § 34-55-10-2(c)(2) provides a maximum $8,000.00 exemption for "other real estate or tangible personal property." Notably, the statute is silent as to whether the exemption applies to proceeds from the sale or transfer of such property. In determining the significance of that, the Court finds *In re Weaver*, 93 B.R. 172 (N.D.Ind.1988) to be instructive.

In that case, the debtor received worker's compensation benefits a month before filing for bankruptcy and then commingled them with other nonexempt funds. In rejecting the debtor's argument that the exemption provided under Indiana law for worker's compensation benefits applied, the court stated:

> Under Indiana law, money in the hands of a debtor stands on the same footing as any other money held by the debtor, even if the money is derived from exempt payments. *See Sohl v. Wainwright Trust, Co.*, 130 N.E. 282 (1921); *Faurote v. Carr*, 108 Ind. 123, 9 N.E. 350 (1886). Under this case laws the legislature can only grant exemptions in proceeds by explicitly stating that the proceeds are exempt.
>
> ***
>
> A debtor's allowable exemptions are determined by the type of property held as of the date of the bankruptcy. *In re Sivley*, 5 C.B.C.2d 565, 14 B.R. 905 (E.D.Tenn.1981). It is true that prior to the date of the bankruptcy debtors are allowed to exchange property in order to take advantage of exemptions available. In voluntary bankruptcies the debtor has full control over the date the petition is filed and there can be no injustice in limiting exemptions to the type of property the debtor has on the date the debtor files for bankruptcy.

*Weaver*, 93 B.R. at 174.

Following that logic, the fact that Indiana Code § 34-55-10-2(c)(2) does not explicitly exempt proceeds derived or traceable from "other real estate or tangible personal property" is controlling. The Court concludes, therefore, that even assuming the Funds can be traced to Debtor's equity in her former marital residence,[2] no portion of them is exempt under Indiana Code § 34-55-10-2(c)(2).

The Trustee's Objection is sustained.

---

[2] It is not clear from the evidence whether the Funds are, in fact, traceable to Debtor's equity in her former marital residence. As indicated previously, Debtor' former husband was to pay her $12,500 for her share of the equity in the "*entire marital estate*." The Trustee argues that this amount represents the difference between Debtor and her husband's respective retirement accounts. The Trustee also submitted as evidence an appraisal of the marital residence from June of 2008 indicating that there was no equity in the home. Debtor, on the other hand, presented as evidence emails between her divorce counsel and her former husband's indicating that the parties, at least, believed there to be approximately $24,000 of equity in the home. She, therefore, insists that the Funds represent her share in that equity. The Court need not resolve this factual dispute. Upon entry of the Divorce Decree, Debtor's property interest was in the Funds, and not in her former residence.